THE BOARD OF COMMISSIONERS OF MORGAN COUNTY *v.* JOHNSON and Another.

PAUPERS.—MEDICAL SERVICES.—Where a physician was employed by a township trustee to attend a pauper in his last sickness, it was held that a charge for removing a large tumor after death, so that the body could

be placed in an ordinary coffin, was not within the employment, and that the action of the county board, in refusing an allowance for the service, was final.

APPEAL from the *Morgan* Circuit Court.

GREGORY, J.—The appellees filed their claim for medical services rendered to a poor person, on the employment of the trustee of *Jackson* township. One item of the claim was for removing a tumor after the death of the pauper. The appellant refused to allow the claim for this item, and the appellees appealed to the court below.

The evidence shows that the appellees, who are physicians, were employed by the trustee to attend the pauper during his last illness; that the patient died from the effects of a large tumor in his side; that after the death, it was found that the body could not be placed in a coffin of the ordinary shape; that to enable the body to be thus encased, the attending physicians removed the tumor.

The appellant offered to prove, on the trial, that a box coffin could have been made, to look as well as one of the ordinary shape, at the same expense, which would have received the body in the condition it was before the removal of the tumor. This evidence was ruled out, and is one of the grounds relied on for a new trial in the court below.

The questions argued by counsel are: 1. Did the general employment of the appellees, by the trustee, extend beyond the death of the pauper? 2. If it did, was it competent for the appellant to prove that the body could have been buried in a box coffin as well as in one of the ordinary shape?

The answer to the first question will dispose of the last. If the employment extended to and embraced the act done, then the appellees are entitled to compensation. If, however, the act was voluntary, and not under the employment, then the action of the board of commissioners was final, and no appeal would lie to the court below.

In the opinion of this court, the employment did not ex-

tend beyond the death of the pauper, and the determination of the appellant was final.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*W. R. Harrison* and *W. S. Shirley*, for appellant.

*C. F. McNutt*, for appellees.